UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
===================================X

MUNIR UWAYDAH as legal guardian of
L. U., a minor

                                      Case No.:

                      Plaintiff,

      -against-

THE COLLEGE BOARD INC.

                    Defendants.

===================================X

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff, by his attorneys, Goldberger & Dubin, P.C., avers the following for his Complaint for Declaratory and Injunctive Relief against Defendant:

1. Plaintiff brings this action for violations of the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 12101, et seq.

2. L. U. is a rising senior at the American Community School in Beirut, Lebanon.

3. L. U. suffers from Attention Deficit/Hyperactivity Disorder which was first diagnosed in June of 2023.

4. He has been receiving accommodations at school, including for his exams, since his diagnosis.

5. Well-qualified medical personnel recommend that L. U. : be tested in a quiet environment, with a few other students present, to reduce distractions; be provided 50% additional time to take tests; and to allow him longer breaks than those given during standard test administration.[1]

---

[1] All documents submitted to Defendant are appended to this Complaint and incorporated by reference herein.

6. On behalf of L. U., proper documentation as required by the College Board, was submitted by the appropriate school authorities.

7. On January 31. 2025, reasonable accommodations for L. U. to sit for the March 2025 SAT were denied by Defendant College Board (the "Board") for his upcoming SAT examination and his AP Physics test.

8. The Board's decision to deny L. U. these accommodations necessary to allow him to test on the level of his peers violates the Americans with Disabilities Act. (ADA).

9. L. U. is seeking a declaratory judgment which will compel the College Board to comply with ADA.

10. The tests for which L. U. seeks to sit will be given in May, 2025, and as a result, L. U. requests an immediate hearing to decide this application.

## JURISDICTION

11. This is an action for declaratory and injunctive relief brought pursuant to the Americans with Disabilities Act, 42 U.S.C. §§ 12101, et seq. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343.

12. This Court has jurisdiction to issue injunctive relief and a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

13. Defendant College Board is a proper defendant pursuant to Section 309 of the ADA.

## VENUE

14. Pursuant to 28 U.S.C. §§ 1391(b)(1) venue is proper in this District because Defendant resides at 250 Vesey Street, 16th Floor, New York, New York 10281, an address within the Southern District of New York.

## L. U.  IS ENTITLED TO IMMEDIATE RELIEF

15. 42 U.S.C. 12188 (a)(1) provides that 42 U.S.C. §2000a-3 is applicable to suits under the Americans with Disabilities act.  42 U.S.C. §2000a-3 states in pertinent part: "Whenever any person has engaged or there are reasonable grounds to believe that any person is about to engage in any act or practice prohibited by section 2000a–2 of this title, a civil action for preventive relief, including an application for a permanent or temporary injunction, restraining order, or other order, may be instituted by the person aggrieved…"

16. Under Section 309 of the ADA, any person (including both public and private entities) that offers examinations related to applications, licensing, certification, or credentialing for secondary or postsecondary education, professional, or trade purposes must offer such examinations "in a place and manner accessible to persons with disabilities or offer alternative accessible arrangements for such individuals." 42 U.S.C. § 12189.

17.  Any documentation if required by a testing entity in support of a request for testing accommodations must be reasonable and limited to the need for the requested testing accommodations. Requests for supporting documentation should be narrowly tailored to the information needed to determine the nature of the

candidate's disability and his or her need for the requested testing accommodation. Appropriate documentation will vary depending on the nature of the disability and the specific testing accommodation requested. https://www.ada.gov/resources/testing-accommodations/#what-kind-of-documentation-is-sufficient-to-support-a-request-for-testing-accommodations

18. L. U. has complied with the document demands of the College Board.

19. L. U. has appealed that decision with the College Board itself.

20. However, as of the date of this application, he is still being denied the requested accommodations by the College Board for both Examinations.

21. This is so even though ACT a similar Examination provider granted L. U. the requested accommodations on February 25, 2025.

22. L. U. will suffer irreparable harm if he is not permitted the requested accommodations.

23. L. U. will miss out on the college credits he would earn having completed his AP Physics course if he cannot sit the AP exam in May.

24. L. U. will miss out on the opportunities provided with a competitive score on the SAT which is integral to L. U. 's plans for higher education.

25. Defendants' refusal to allow L. U. his requested accommodations violates his rights under the ADA and threatens him with irreparable harm to his career, to his professional development, and to his right to take the SAT and AP Physics examinations without being subjected to unlawful discrimination and the stigma and humiliation that result from such discrimination.

26. Without injunctive and declaratory relief from the Court, L. U. could only take the examinations at a competitive disadvantage to his peers that would unlawfully burden his attempt to obtain higher education. L. U. has no adequate remedy at law.

## FIRST CAUSE OF ACTION VIOLATION OF THE ADA

27. Plaintiff re-alleges and incorporates herein all previously alleged paragraphs of the complaint.

28. The term "disability" includes, with respect to an individual, a physical or mental impairment that substantially limits one or more of the major life activities of such individual. 42 U.S.C. §12102(2)(A). Plaintiff is an individual with a disability within the meaning of 42 U.S.C. § 12102(2) and 28 C.F.R. §§ 35.104 and 36.104.

29. The ADA prohibits discrimination by private entities, including those that offer credentials for secondary education.

30. The ADA requires private entities that offer standardized examinations "related to ... applications, licensing, certification, or credentialing for ... secondary education" to do so in a "place and manner accessible to persons with disabilities or offer alternative accessible arrangements for such individuals." 42 U.S.C. § 12189; 28 C.F.R. §36.309(a). The College Board is such an entity, and the SAT and AP Physics are such examinations.

31. The regulation implementing this section of the ADA provides, inter alia, that a private entity that offers such examinations must assure that ... [t]he examination

is selected and administered so as to best ensure that, when the examination is administered to an individual with a disability that impairs sensory, manual, or speaking skills, the examination results accurately reflect the individual's aptitude or achievement level or whatever other factor the examination purports to measure, rather than reflecting the individual's impaired sensory, manual, or speaking skills ....28 C.F.R. § 36.309(b)(l)(i).

32. The ADA regulations covering examinations such as the SAT and AP Physics require, inter alia, "adaptation of the manner in which the examination is given." 28 C.F.R. § 36.309(b)(2). The entity offering the examination must, among other things "include changes in the length of time permitted for completion of the examination and adaptation of the manner in which the examination is given." 28 C.F.R. § 36.309(b)(2).

33. Unless L. U. takes the SAT and AP Physics Examinations with the provision that be tested in a quiet environment, with a few other students present, to reduce distractions; that he be provided 50% additional time to take tests; and to allow him longer breaks than those given during standard test administration his results will not accurately reflect what the examination purports to measure, but will instead reflect his impaired sensory and processing skills.

34. Defendant's conduct constitutes an ongoing and continuous violation of the ADA and its supporting regulations. Unless restrained from doing so, the College Board will continue to violate the ADA. Unless enjoined, Defendant's conduct will continue to inflict injuries for which Plaintiff has no adequate remedy at law.

35. Unless the requested relief is granted, L. U. will suffer irreparable harm in that he will be discriminated against and denied equal access to the SAT and AP Physics examinations, and be unlawfully burdened in seeking admission to higher educational opportunities.

36. The ADA authorizes injunctive relief as appropriate to remedy acts of discrimination against persons with disabilities. 42 U.S.C. § 12188(a)(l).

37. L. U. is entitled to injunctive relief, as well as reasonable attorneys' fees and costs.

**WHEREFORE**, Plaintiff requests the following relief:

Plaintiff prays for judgment as follows:

1. A declaration that Plaintiff is entitled to take the SAT and AP Physics examinations with the requested accomodations, to wit: be tested in a quiet environment, with a few other students present, to reduce distractions; be provided 50% additional time to take tests; and to allow him longer breaks than those given during standard test administration, and that by denying this accommodation, Defendant is offering and administering the AP Physics and SAT examinations in a manner that discriminates against Plaintiff as a person with a disability;

2. Preliminary and final injunctive relief requiring Defendants to provide plaintiff the opportunity to take the May 2025 administrations of the SAT and AP Physics examinations in a quiet environment, with a few other students present, to reduce distractions; be provided 50% additional time to take tests; and to allow him

longer breaks than those given during standard test administration as he has requested and to which he is entitled;

3. An award of Plaintiffs reasonable attorneys' fees and costs; and

4. Such other and further relief as the Court deems just and proper.

Dated: March 31, 2025

                              GOLDBERGER & DUBIN, P.C.

By: *Stacey Van Malden*
Stacey Van Malden, Esq.
Of Counsel
401 Broadway, Ste 306
New York, New York 10013
Email: StaceyL11@optonline.net &
GND401@AOL.COM