UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
===================================

MUNIR UWAYDAH as Guardian of L.U.,

                    Plaintiff,

-against-

THE COLLEGE BOARD INC.

                    Defendant,
===================================

Case No.:   1:25-cv-02739-AS

MEMORANDUM OF LAW IN SUPPORT
OF APPLICATION FOR DECLARATORY
AND INJUNCTIVE RELIEF

Plaintiff, by his attorneys, Goldberger & Dubin, P.C., submits the following for his

Memorandum of Law in Support of his Application for Declaratory and Injunctive Relief against

Defendant:

## INTRODUCTION

Plaintiff has brought this action on behalf of his son, L.U., and against defendant College

Board, for violations of the Americans with Disabilities Act of 1990, as amended ("ADA"), 42

U.S.C. § 12101, et seq. L.U. is scheduled to take the Advanced Placement Physics Examination

the week of May 12, 2025, and seeks to take the SAT examination on May 3, 2025.

L.U. is a rising senior at the American Community School in Beirut, Lebanon.

L.U. suffers from Attention Deficit/Hyperactivity Disorder which was first diagnosed in

May of 2023.  Well qualified medical personnel recommend that L.U.: be tested in a quiet

environment, with a few other students present, to reduce distractions; be provided 50%

additional time to take tests; and to allow him longer breaks than those given during standard test

administration.   He has been receiving these accommodations at school, both during classroom study and for examinations, since his diagnosis.

## FACTS

Under Section 309 of the Americans with Disabilities ACT, (hereinafter ADA), any person (including both public and private entities) that offers examinations related to applications, licensing, certification, or credentialing for secondary or postsecondary education, professional, or trade purposes must offer such examinations "in a place and manner accessible to persons with disabilities or offer alternative accessible arrangements for such individuals." 42 U.S.C. § 12189.  Defendant College Board is an entity subject to this provision.  The College Board is the body responsible for providing test accommodations for the SAT.  See, Rafano v. Patchogue-Medford Sch. Dist., 2009 U.S. Dist. LEXIS 23731, *8, 2009 WL 789440.  The College Board maintains an internet website which provides information on the documentation and procedures for requesting accommodations required by the ADA. [1]

On behalf of L.U., proper documentation as required by the College Board, was timely submitted by the appropriate medical and school authorities. Dr. Fadi Maalouf, M.D. initially diagnosed L.U. with ADHD in May of 2023.  Dr. Fadi Maalouf, M.D., is a Child and Adolescent Psychiatrist at the American University of Beirut Medical Center.  Dr. Fadi Maalouf is a Professor and the Chairperson of the Department of Psychiatry at the American University of Beirut and its Medical Center. Dr. Maalouf is certified by the American Board of Psychiatry and Neurology, specializing in the treatment of children and adolescents. He performed his

---

[1] https://www.ada.gov/resources/testing-accommodations/#what-kind-of-documentation-is-sufficient-to-support-a-request-for-testing-accommodations

fellowship training at Harvard Medical School. Dr. Maalouf's areas of clinical expertise include

child & adolescent psychiatric disorders such as Attention Deficit Hyperactivity Disorder.   As

per Dr. Maalouf, L.U. has executive function difficulties, namely, challenges in visual working

memory and processing speed. Dr. Maalouf recommended, and L.U.'s school provides the

following accommodations to him:

- Being placed near the teacher, or in an area with minimal classroom traffic.
- To be allowed to work on some tasks in a quiet area with minimal distractions.
- To be given longer times on exams and tests (50% extra time).
- Teachers are encouraged to provide him with periodic stretch breaks during extended lesson plans. These are periods of 3-5 minutes of physical movement and occur after every 20-25 minutes of cognitive effort.
- Directions are to be presented one at a time and it would be best to ask him to repeat the direction before starting the task.
- It is beneficial to encourage him to seek help from teachers or students when needed.

Dr. Maalouf recertified his findings on October 25, 2024.

At L.U.'s neuropsychological assessment on October 30, 2024, he was examined

by Jeanne-d'Arc El Hachem, M.S., another clinical neuropsychologist at the American

University of Beirut Medical Center. The Report noted that L.U. had improved academically

since he started receiving treatment for his ADHD and the implementation of

accommodations.   Even with these improvements, Ms. El Hachem still believes that L.U. needs

the following accommodations during the taking of tests:

- Test him in a quiet environment, with a few other students present, to reduce distractions.
- Provide additional time to take tests (50% additional time).
- Allow him longer breaks than those given during standard test administration.

L.U. underwent two T.O.V.A. (Test of Variables of Attention) tests (on April 25, 2023

and August 28, 2023) and was more recently evaluated via WISC V (Wechsler Intelligence Scale

for Children- Fifth Edition) on December 21, 2023 by Anita Alalam, MS, a clinical

neuropsychologist also at the American University of Beirut Medical Center. Ms. Alalam made the following recommendations: "To optimize L.U.'s performance in school exams, it is crucial to implement the following accommodations: extended time (50% additional time), a quiet testing environment, and breaks during evaluations. These adjustments are necessary due to significant weaknesses in his processing speed and attention difficulties."

L.U. was initially denied accommodations from the College Board on March 8, 2024. On January 31, 2025, reasonable accommodations for L.U.to sit for the March 2025 SAT were again denied by Defendant College Board (the "Board").

L.U. submitted additional documentation on February 9, 2025 to address the College Board's concerns regarding the grant of accommodations. As of today, the College Board has not granted the accommodations requested to allow L.U. to test on the level of his peers. It should be noted that ACT, a similar Examination provider, granted L.U.the requested accommodations on February 25, 2025.

On behalf of L.U., an action for declaratory and injunctive relief was filed on April 1, 2025. The tests for which L.U. seeks to sit will be given in May, 2025, and as a result, L.U. requests an immediate hearing to decide this application.


## ARGUMENT


42 U.S.C. § 12188 (a)(1) provides that 42 U.S.C. § 2000a-3 is applicable to suits under the Americans with Disabilities act. 42 USC § 2000a-3 states in pertinent part: "Whenever any person has engaged or there are reasonable grounds to believe that any person is about to engage in any act or practice prohibited by section 2000a–2 of this title, a civil action for preventive

relief, including an application for a permanent or temporary injunction, restraining order, or other order, may be instituted by the person aggrieved..."

Under Section 309 of the ADA, any person (including both public and private entities) that offers examinations related to applications, licensing, certification, or credentialing for secondary or postsecondary education, professional, or trade purposes must offer such examinations "in a place and manner accessible to persons with disabilities or offer alternative accessible arrangements for such individuals." 42 U.S.C. § 12189.

The term "disability" includes, with respect to an individual, a physical or mental impairment that substantially limits one or more of the major life activities of such individual. 42 U.S.C. §12102(2)(A). Plaintiff is an individual with a disability within the meaning of 42 U.S.C. § 12102(2) and 28 C.F.R. §§ 35.104 and 36.104.

The ADA requires private entities that offer standardized examinations "related to ... applications, licensing, certification, or credentialing for ... secondary education" to do so in a "place and manner accessible to persons with disabilities or offer alternative accessible arrangements for such individuals." 42 U.S.C. § 12189; 28 C.F.R. §36.309(a). The College Board is such an entity and the SAT and AP Physics are such examinations.

The regulation implementing this section of the ADA provides, inter alia, that a private entity that offers such examinations must assure that ... [t]he examination is selected and administered so as to best ensure that, when the examination is administered to an individual with a disability that impairs sensory, manual, or speaking skills, the examination results accurately reflect the individual's aptitude or achievement level or whatever other factor the examination purports to measure, rather than reflecting the individual's impaired sensory, manual, or speaking skills ....28 C.F.R. § 36.309(b)(l)(i).

The ADA regulations covering examinations such as the SAT and AP Physics require, inter alia, "adaptation of the manner in which the examination is given." 28 C.F.R. § 36.309(b)(2). The entity offering the examination must, among other things "include changes in the length of time permitted for completion of the examination and adaptation of the manner in which the examination is given." 28 C.F.R. § 36.309(b)(2).

"To obtain a preliminary injunction, plaintiffs must show (1) "a likelihood of success on the merits" or "sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the [plaintiffs'] favor," (2) that they are "likely to suffer irreparable injury in the absence of an injunction," (3) that "the balance of hardships tips in [their] favor," and (4) "that the public interest would not be disserved by the issuance of a preliminary injunction." *Mendez v. Banks*, 65 F.4th 56, 63-64, 2023 (2nd Cir. 2023)(citing, *Salinger v. Colting*, 607 F.3d 68, 79-80 (2d Cir. 2010)).

## LIKELIHOOD OF SUCCESS ON THE MERITS

As set forth above, L.U. suffers from ADHD.   This has been documented by numerous health professionals.   As such, he suffers from a Disability, and is covered by the ADA.   Since the time of L.U.'s diagnosis, he has been provided with certain accommodations by his school. The school was able to report that since the time that L.U. has been granted the recommended accommodations, his academic performance had significantly improved.   The ADA requires the College Board to provide L.U. with similar adaptations so that his examination results accurately reflect his aptitude or achievement level, rather than reflecting L.U.'s impaired sensory and processing skills.   The evidence supporting L.U.'s diagnosis and marked improvement at school

and test-taking is overwhelming.   As a result, it is more likely than not that L.U. will succeed on the merits.

### L.U. WILL SUFFER IRREPARABLE HARM IF HE IS NOT PERMITTED THE REQUESTED ACCOMMODATIONS

L.U. is requesting that this Honorable Court grant him an injunction which would bar the College Board from denying him the accommodations to which he is entitled, and/or declaring that he is entitled to said accommodations.   Time is of the essence, when these examinations are being held in May, 2025.  L.U. needs the results of the SAT so that he may apply to college.   If he is denied the accommodations, L.U. will likely miss out on the college credits he would earn having completed his AP Physics course, an examination only offered in May.  L.U.'s disability will cause him to lag behind his peers.

Ultimately L.U. will miss out on the opportunities provided with a competitive score on the SAT which is integral to L.U.'s plans for higher education.  Without a competitive SAT score, he is threatened with irreparable harm to his career, to his professional development, and to his right to take the SAT and AP Physics examinations without being subjected to unlawful discrimination and the stigma and humiliation that result from such discrimination.

Without injunctive and declaratory relief from the Court, L.U. could only take the examinations at a competitive disadvantage to his peers that would unlawfully burden his attempt to obtain higher education.

## BALANCE OF HARDSHIPS/NO PUBLIC DISSERVICE

L.U. is a young man with his entire life ahead of him.  All that is needed for him to excel and pursue higher education is a level playing field.  And that is all that he is asking for.  Prior to his diagnosis L.U.'s teachers knew he was bright, but L.U. was unable, because of his processing and sensory deficiencies, to demonstrate his abilities in the same way as his peers. When L.U. was given simple accommodations — extra testing time, no distractions, and longer breaks, L.U. was able to live up to his potential.  Thanks to the ADA, L.U. is guaranteed this level playing field when he is tested by the College Board.  There can be no public disservice when the relief sought is enforcement of a Federal Statute.  L.U. deserves to test with his peers, in a way that allows him to actually be a peer.

**WHEREFORE,** it is most respectfully requested that this Honorable Court grant Plaintiff a preliminary injunction barring defendant from denying him the accommodations under ADA that he needs to take the May AP Physics Test and SAT examination, and/or granting a Declaratory Judgment that Defendant must grant Plaintiff the accommodations that he seeks, and for such other and further relief that this Court may deem just and proper.

Dated: New York, New York
      April 7, 2024

                              Respectfully submitted,

                              Stacey Van Malden, Esq.
                              Of Counsel,
                              Goldberger & Dubin, PC
                              401 Broadway, Suite 306
                              New York, New York 10013
                              Tel.: (212) 431-9380
                              Fax: (212) 966-0588
                              Email : GND401@AOL.COM